UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **FREDDIE FRANCIS, JR.** | **CASE NO. 6:22-CV-01045 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JESSIE BELLARD, ET AL** | **MAGISTRATE JUDGE AYO** |

### REPORT AND RECOMMENDATION

Before the court is a civil right complaint filed by plaintiff Freddie Francis, Jr., who is proceeding *pro se* and *in forma pauperis*. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.  Background

Before the court are the original and amended civil rights complaints (42 U.S.C. § 1983) of *pro se* plaintiff, Freddie Francis, Jr. ("Francis"). Rec. Docs. 1, 3, 4, 6. Francis was incarcerated at the Iberia Parish Jail in New Iberia, Louisiana at the time he filed the instant suit.

On July 27, 2022, the plaintiff was ordered to amend his complaint to provide additional information regarding his suit and cure certain deficiencies within 40 days. Rec. Doc. 11. That order was mailed to plaintiff at the Iberia Parish Jail, yet was returned on August 8, 2022, marked "return to sender." Rec. Doc. 12. On August 12, 2022, plaintiff notified the Court of a change of address and the Order was resent to his new address. Rec. Doc. 13. Plaintiff has failed to file an amended complaint.

### II.  Law & Application

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Francis has failed to comply with an Order directing him amend his complaint. This failure on his part warrants dismissal.

### III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Francis' complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of November, 2022.

_____
David J. Ayo
United States Magistrate Judge